UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALI PARKER,<br>           Plaintiff,<br>    v.<br>COUNTY OF MONTEREY, et al.,<br>           Defendants. | Case No. 16-cv-00960 NC<br><br>**ORDER RE: MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 9, 14 |

In February 2015, Parker suffered from diabetic ketoacidosis while she was incarcerated at Monterey County jail, resulting in her stay at a medical facility for three days. Parker sues the Monterey County sheriffs, the California Forensic Medical Group, and its personnel under 42 U.S.C. §1983 for failing to prevent her emergency room trip by providing her with insulin. Defendants move to dismiss the complaint, arguing that Parker has failed to allege sufficient facts to demonstrate supervisory liability, and also arguing that Sheriff Miller no longer acted under color of state law in February 2015.

The Court GRANTS the motions to dismiss as to liability under § 1983 because Sheriff Miller could not have been acting under color of state law and because an assertion of supervisory liability requires Parker to allege the supervisor's knowledge of the jail's conditions or personnel's practices. However, the Court DENIES the motion to dismiss claim 3 for medical negligence under state law, finding that supplemental jurisdiction still exists.

Case No. 16-cv-00960 NC

## I. BACKGROUND

Plaintiff Kali Parker suffers from Type 1 diabetes, and she uses insulin to control her condition. Dkt. No. 1, Complaint at ¶ 2.

On February 20, 2015, Parker was arrested on a misdemeanor charge in Monterey County and taken to jail. Compl. ¶ 11. Parker informed personnel from California Forensic Medical Group, Inc. ("CFMG") that she was a Type 1 diabetic and had to receive regular insulin injections. Compl. ¶ 12. CFMG is a California corporation that was under contract with the County of Monterey to provide medical care for prisoners housed in the jail. Compl. ¶ 6. CFMG failed to observe and examine Parker or to provide her with insulin injections according to the complaint. Compl. ¶ 13.

On February 21, 2015, Parker suffered from diabetic ketoacidosis. Compl. ¶ 14. Around 11:00 p.m., CFMG jail personnel transferred Parker to Natividad Medical Center, where Parker had to remain an in-patient for the next three days while she recovered. Comp. ¶ 15. Parker was discharged at 4:00 p.m. on February 25. Compl. ¶ 15.

According to Parker, she continues to suffer lasting side effects from the incident. Compl. ¶ 16.

Parker sues the County of Monterey, Sheriffs Scott Miller and Stephen Bernal in their individual capacities, CFMG, and staff of CFMG (Taylor Fithian, David Harness, Lola Bayer, and Eluid Garcia). Parker alleges that (1) defendants violated her right to due process and to be free from cruel and unusual punishment by failing to provide adequate policies for providing proper medical care; (2) the County is liable under *Monell* for failing to adequately supervise its employees; and (3) the CFMG defendants are liable for medical negligence under state law.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). On a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the non-movant. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-

Case No.16-cv-00960 NC            2

38 (9th Cir. 1996). The Court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Although a complaint need not allege detailed factual allegations, it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

### A.  Individual Capacity Liability

Sheriffs Miller and Bernal argue that they cannot be individually liable for the incident alleged in Parker's complaint. Sheriff Miller argues that he was not acting under color of state law because he was no longer sheriff. Sheriff Bernal argues that Parker's allegations do not rise to the level of deliberate indifference.

#### 1.  Sheriff Miller

Parker sues Sheriffs Miller and Bernal under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). A person acts under color of state law if he or she exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941); *accord West*, 487 U.S. at 49.

Here, Parker alleges that Scott Miller was no longer the sheriff of Monterey County at the time of the incident. Compl. ¶ 4. Thus, the Court concludes that he could not have

Case No.16-cv-00960 NC            3

acted under the color of state law at the time of the incident. *See Naffe v. Frey*, 789 F.3d 1030, 1036 (9th Cir. 2015) (affirming dismissal of a complaint for failure to state a claim because the defendant district attorney was not acting under color of state law when he wrote an offensive blog post, outside of the scope of his employment and official duties).

The Court GRANTS Sheriff Miller's motion to dismiss without leave to amend because the Court concludes that amendment could not cure this deficiency.

### 2. Sheriff Bernal

Sheriff Bernal argues that because Parker was incarcerated in the County jail, the county's acts must rise to deliberate indifference. Here, Parker's allegations related to Sheriff Bernal's liability are based on his supervisory role over the county jail.

A pretrial inmate is protected under the due process clause of the Fourteenth Amendment from cruel and unusual punishment, which includes the denial of medical care. *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002); *see also Estate of Claypole v. Cty. of Monterey*, No. 14-cv-02730 BLF, 2016 WL 693282, at *4 (N.D. Cal. Feb. 22, 2016). To demonstrate a violation of the due process clause, the pretrial detainee must show that a deprivation occurred with deliberate indifference to the inmate's health or safety. *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). This requires a subjective showing that a prison official knew of and disregarded the substantial risk of harm to the inmate. *Id.* Here, Parker makes no factual assertion that Sheriff Bernal was present at the prison facility or had personal knowledge of her medical condition.

"Vicarious liability may not be imposed on a supervisor for the acts of lower officials in a § 1983 action." *Id.* However, a prison official in a supervisory capacity can be liable "if he or she was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Lolli v. Cnty. of Orange*, 351 F.3d 410, 418 (9th Cir. 2003). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the

1    supervisor knew or reasonably should have known would cause others to inflict a
2    constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal
3    quotations omitted). The Ninth Circuit analyzed the question of a sheriff's culpability for
4    jail facility conditions and reasoned that under California law, "[t]he sheriff is required by
5    statute to take charge of and keep the county jail and the prisoners in it, and is answerable
6    for the prisoner's safekeeping." *Id*.; Cal. Gov.Code §§ 26605, 26610; Cal.Penal Code §
7    4006). Thus, when a sheriff fails to ensure a prisoner's safekeeping as a result of a failure
8    to oversee or correct prison conditions, the sheriff may be liable. *Id.* The Court in *Starr*
9    concluded that a plaintiff's allegations that the sheriff (1) knew of poor conditions in the
10   jail facility, and (2) failed to act were sufficient to survive a motion to dismiss. *Id.*

11   Here, Parker alleges that Sheriff Bernal failed to ensure that CFMG established and
12   enforced adequate policies for prisoner medical care, but Parker fails to allege Sheriff
13   Bernal's knowledge of the prison conditions. The Court GRANTS the motion to dismiss,
14   but finds that amendment can cure this deficiency.

15   **B.    Section 1983 Claim Against CFMG Defendants**

16   Under the same theories as above, Parker has brought claims against CFMG; Taylor
17   Fithian, President and Medical Director of CFMG; David Harness, Program Director of
18   CFMG; Lola Bayer, Nursing Director of CFMG at the jail; and Eluid Garcia, Medical
19   Director of CFMG at the jail. Defendants move to dismiss this claim because it lacks
20   factual specificity. The Court agrees.

21   Parker alleges that she informed CFMG personnel of her condition, and that these
22   personnel failed to provide her with adequate care. Plaintiff argues that all defendants are
23   liable under a theory of supervisory liability. Dkt. No. 20. As noted above, supervisory
24   liability requires a plaintiff to allege that the supervisor has some notice or knowledge that
25   the acts of their subordinates would result in a constitutional injury. *Starr*, 652 F.3d at
26   1207-08. Here, Parker's complaint lacks factual specificity linking the actions of the
27   unidentified CFMG personnel and the defendant supervisors in the jail and at CFMG. The
28   Court cannot begin to assess whether Parker's allegations, taken as true, would establish

Case No.16-cv-00960 NC            5

that these individuals had knowledge of the policies or practices in treating pretrial detainees in the prison facility.

Thus, the Court GRANTS the motion to dismiss as to the CFMG defendants with leave to amend.

### C. Medical Negligence under State Law

Defendants argue that if the Court dismisses the federal claims in the complaint, it should decline to exercise jurisdiction over the remaining state law claim for medical negligence. Dkt. No. 14 at 7; 28 U.S.C. § 1367(a)(2). Parker did not respond to this argument. The Court agrees that no basis for jurisdiction exists on solely the state law claim; however, Parker's *Monell* claim against the County remains unchallenged (second claim). Thus, the Court declines to dismiss this claim.

## IV. CONCLUSION

The Court GRANTS the motions to dismiss as follows:

1. All claims against Sheriff Miller are dismissed without leave to amend.
2. All claims against Sheriff Bernal are dismissed with leave to amend. Specifically Parker must allege Sheriff Bernal's knowledge and failure to act on this knowledge.
3. All claims against CFMG, Taylor Fithian, David Harness, Lola Bayer, and Eluid Garcia are dismissed with leave to amend. Specifically Parker must allege these defendants' knowledge and failure to act on this knowledge.

The Court DENIES the motion to dismiss Parker's third claim, for medical negligence under state law.

Parker may amend the complaint within 14 days.

**IT IS SO ORDERED.**

Dated: June 7, 2016

_____
NATHANAEL M. COUSINS
United States Magistrate Judge